ARKANSAS *v.* TENNESSEE

No. 33, Orig.   Argued January 19, 1970—
Decided February 25, 1970

*Don Langston,* Assistant Attorney General of Arkansas, argued the cause for plaintiff on exceptions to the Report of the Special Master.   With him on the brief was *Joe E. Purcell,* Attorney General.

*Heard H. Sutton* argued the cause for defendant in support of the Report of the Special Master.   With him on the brief were *David Pack,* Attorney General of Tennessee, *C. Hayes Cooney,* Assistant Attorney General, *Harry W. Laughlin, James L. Garthright, Jr.,* and *J. Martin Regan.*

PER CURIAM.

This original action was commenced on October 13, 1967, by the State of Arkansas to settle a boundary dispute with the State of Tennessee.   The disputed area extends six miles laterally along the west (Arkansas side) bank of the Mississippi River and encompasses some five thousand acres.   This Court's jurisdiction arises under Art. III, § 2, of the Constitution of the United States.   On January 15, 1968, we appointed, 389 U. S. 1026, Hon. Gunnar H. Nordbye, Senior United States Judge of the District of Minnesota, as Special Master to determine the state line in the disputed area

known as Cow Island Bend in the Mississippi River located between Crittenden County, Arkansas, and Shelby County, Tennessee. After conducting an evidentiary hearing and viewing the area, the Master filed his Report with this Court recommending that all of the disputed area be declared part of the State of Tennessee. We affirm the Master's Report.

The parties agree that the state line is the thalweg, that is, the steamboat channel of the Mississippi River as it flows west and southward between these States. The Master heard evidence and was presented exhibits and maps which showed that the migration of the Mississippi River northward and west continued until about 1912. At this time an avulsion occurred leaving Tennessee lands on the west or Arkansas side of the new or avulsive river channel. The Master found that thereafter, because of the avulsion, the water in the thalweg became stagnant and erosion and accretion no longer occurred. At this time the boundary between Arkansas and Tennessee became fixed in the middle of the old abandoned channel.

This is a classic example of the situation referred to in an earlier case between these States, *Arkansas* v. *Tennessee*, 246 U. S. 158, 173, where we said,

"It is settled beyond the possibility of dispute that where running streams are the boundaries between States, the same rule applies as between private proprietors, namely, that when the bed and channel are changed by the natural and gradual processes known as erosion and accretion, the boundary follows the varying course of the stream; while if the stream from any cause, natural or artificial, suddenly leaves its old bed and forms a new one, by the process known as an avulsion, the

> resulting change of channel works no change of boundary, which remains in the middle of the old channel, although no water may be flowing in it, and irrespective of subsequent changes in the new channel."

And, again, *id.*, at 175,

> "An avulsion has this effect, whether it results in the drying up of the old channel or not. So long as that channel remains a running stream, the boundary marked by it is still subject to be changed by erosion and accretion; but when the water becomes stagnant, the effect of these processes is at an end; the boundary then becomes fixed in the middle of the channel as we have defined it, and the gradual filling up of the bed that ensues is not to be treated as an accretion to the shores but as an ultimate effect of the avulsion."

The exceptions of the State of Arkansas are overruled and the Report of the Special Master is adopted.

It is ordered that the Hon. Gunnar H. Nordbye be, and he is hereby, appointed as Commissioner in this case with power to engage and supervise a competent surveyor, or surveyors, to survey the boundary line as recommended in the Master's Report. The boundary line determined by such survey shall be submitted to the Court by the Commissioner and, if approved, shall be the boundary line between the two States.

The costs of this proceeding shall be divided equally between the parties.