510 P.2d 380

**The STATE of Arizona, Appellee,**

v.

**Fernando Zamarano NUNEZ et al., Appellants.**

**No. 2435.**

Supreme Court of Arizona, In Banc.

May 31, 1973.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, and Peter M. Van Orman, Asst. Attys. Gen., Phoenix, for appellee.

Jeffrey R. Fritz, Yuma, for appellant Nunez.

Paul E. Hunter, Jr., Yuma, for appellants Rodriguez.

CAMERON, Vice Chief Justice.

This is an appeal from judgments of guilty after pleas of guilty to the crimes of murder, §§ 13–451, 452, 453 A.R.S., and assault with a deadly weapon, § 13–249, subsec. A A.R.S., and sentences as to each defendant on the charge of murder of not less than 45 nor more than 75 years in the Arizona State Prison, and a concurrent sentence as to each defendant of not less than 5 nor more than 10 years on the charge of assault with a deadly weapon.

The defendants raise the following questions on appeal:

1. Were defendants' pleas to second degree murder involuntary in view of the coercion of the then existing

death penalty provisions of the Arizona Revised Statutes which had not at that time been abrogated by the United States Supreme Court?

2. Did the trial court properly advise the defendants of their various rights so that the pleas were made knowingly, intelligently, and voluntarily and with a proper fact determination of the crimes to which the defendants entered their pleas?

3. As to the defendant Nunez, were the sentences excessive?

The facts necessary for a determination of this matter on appeal are as follows. The three defendants were charged by a direct information filed in the Superior Court with the murder of one Jack Tidwell and assault with a deadly weapon upon one Audrey Canion. The three defendants (each represented by separate counsel) appeared before the trial court on arraignment. The court, after ascertaining that they understood the English language, stated in part:

"THE COURT: I have to inform you and each of you that the County Attorney of this County has filed a Direct Information in this court wherein you and each of you are charged with two different felonies. Count One is Murder. Count Two is Assault and Battery with a Deadly Weapon.

You are now before the Court for the purpose of being arraigned upon these charges and having your legal rights explained to you, the first of which is the right to be represented by a lawyer.

\* \* \* \* \* \*

"THE COURT: I have to advise you further that you have a right to a trial before a jury if you should request that right; that you have a right to be confronted by any witnesses that might testify against you in the case and you have the further right to the processes of the Court to bring in any witnesses \* \* \*."

The court, after ascertaining from the attorneys that they had explained to their clients about the right to a preliminary hearing, went on further:

"THE COURT: And are all three of you ready to proceed upon this Information that has been now filed against you?

"THE DEFENDANT FERNANDO NUNEZ: Yes.

"THE COURT: Abelino?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes.

"THE COURT: And Roy?

"THE DEFENDANT ROY LOUIS RODRIGUEZ: Yes, sir.

"THE COURT: Very well. The Information in this case reads as follows. I will read it to you and listen carefully. If you do not understand it I want you to let me know. The Information is filed in the Superior Court of the State of Arizona, in and for the County of Yuma. It bears file number 6146 and is entitled Information. It states that the State of Arizona brings this action against Roy Louis Rodriguez. It further states that: In the name and by the authority of the State of Arizona, Roy Louis Rodriguez, Fernando Nunez and Abelino Gonzales Rodriguez are accused by the County Attorney of Yuma County, State of Arizona, by this Information of the crime of felony, to-wit: Count I: Murder. Count II: Assault and Battery with a Deadly Weapon. Committed as follows: to-wit: Count I: That the said Roy Louis Rodriguez, Fernando Nunez and Abelino Gonzales Rodriguez, on or about the 19th day of August, 1971, and before the filing of this Information, at, and in the County of Yuma, State of Arizona, did then and there murder Jack Tidwell, with malice aforethought all in violation of A.R.S. 13–451, 13–452, and 13–453. Count II: Committed as follows, to-wit: That the said Roy Louis Rodriguez, Fernando Nunez and Abelino

Gonzales, on or about the 19th day of August, 1971, and before the filing of this Information at, and in the County of Yuma, State of Arizona, did then and there commit an Assault and Battery with a Deadly Weapon on Audrey Canion, all in violation of the Arizona Revised Statutes Section 13–249, Subparagraph A, all of which is contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the State of Arizona. It's signed William Michael Smith, County Attorney of Yuma County, Arizona.

Now, you will be given, each of you, a copy of this Information."

The court also addressed each defendant concerning the plea and penalty as follows:

"THE COURT: Now, Mr. Abelino Rodriguez, you have heard the statement of your counsel that you wish to enter a plea of guilty to Count I. That is a plea of guilty to Murder in the Second Degree. Is that your desire?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes, sir.

"THE COURT: Have you discussed this fully with Mr. Hunter?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes.

"THE COURT: Do you enter this plea yourself freely and voluntarily?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes, sir.

"THE COURT: Are you aware of the penalty that may be imposed by the Court upon the plea of guilty being entered to that charge?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes, sir.

"THE COURT: What is the penalty, Mr. Rodriguez?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Life, I guess.

"THE COURT: And the minimum?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Ten years.

"THE COURT: That's correct. The law provides that upon a plea of guilty to Murder of the Second Degree the sentence that may be imposed is a minimum of ten years and up to a maximum of life. That is your understanding?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes, sir.

"THE COURT: And with that understanding you wish to enter the plea of guilty?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes, sir.

"THE COURT: Do you have any questions whatsoever you want to ask of the Court before I accept that plea?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: No.

"THE COURT: Does it represent the truth of the charge as made against you by the State in this Information?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes.

"THE COURT: Have you been given any kind of medication within the last forty-eight hours?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: No.

"THE COURT: Have you had any kind of drugs whatsoever?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: No, sir.

"THE COURT: Have you had any kind of alcoholic beverages to drink?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: No.

"THE COURT: Do you feel and consider that you are in full control of your mental faculties at this time?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes."

The court individually questioned the other two defendants and advised the defendants of their various constitutional

rights. Before accepting the plea the trial court addressed the defendants again as follows:

"THE COURT: I believe I started to say to all three of you men do each of you realize that by entering a plea of guilty to the two counts as made against you in this Information that that concludes all of the proceedings by the State against you in this case, except the matter of imposing of sentence by the Court? In other words, that you would no longer be entitled to any trial; no longer be entitled to have any witnesses to come into the case; you are not entitled to have any jury make any determination; that your pleas of guilty, in other words, are exactly the same thing as though you had gone to trial before a trial jury and a jury had returned a verdict of finding you guilty on those charges? Do you understand that, Abelino?

"THE DEFENDANT ABELINO GONZALES RODRIGUEZ: Yes, sir.

"THE COURT: And knowing that fully, you want your pleas of guilty to each of the two charges to stand against you?"

The record also shows that at the time of sentencing the trial judge carefully repeated many of the questions and statements he had previously asked and given.

From the judgments of guilt and the sentences thereto, the defendants bring this appeal.

### WERE THE PLEA BARGAINS VOLUNTARY?

The defendants contend that at the time the defendants entered their pleas, the death penalty was still effective in Arizona and that the pleas of guilty to second degree murder were entered only to remove the risk of a possible death penalty sentence. Defendants contend that since the death penalty has been abolished, there were, in fact, no plea bargains and the pleas should be set aside. Defendants cite the United States Supreme Court case of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), as support for their position.

"It may be that under United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), it was unconstitutional to impose the death penalty under the statutory framework which existed in North Carolina at the time of Parker's plea. Even so, we determined in Brady v. United States, ante, p. 742 [of 397 U.S., 90 S.Ct. 1463, 25 L.Ed.2d 747] that an otherwise valid plea is not involuntary because induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial. * * *" Parker v. North Carolina, 397 U.S. 790, 794–795, 90 S.Ct. 1458, 1461, 25 L.Ed.2d 785, 790–791 (1970).

In Brady the United States Supreme Court stated:

"Under this standard, a plea of guilty is not invalid merely because entered to avoid the possibility of a death penalty." Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 761 (1970).

A plea bargain properly entered into and adhered to by the parties should not be set aside because of changes in the law occurring after the plea. To allow a defendant to come back into court and challenge a plea bargain after every change in the law not contemplated by defendant or his counsel at the time of the plea would result in no plea bargain ever being final. We find no error. See also McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

### WERE THE PLEAS VOLUNTARY AND INTELLIGENT?

An examination of the record reveals that the trial court took the utmost precautions to comply with both the spirit and the letter of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), to insure that defendants' guilty

pleas were intelligently, knowingly, and voluntarily entered. The trial court was particularly careful in determining that there was a fact basis for the pleas. State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973).

## WERE THE SENTENCES EXCESSIVE AS TO NUNEZ?

The defendant Nunez, because of his young age, contends that the sentence was excessive as to him. The sentences imposed were within the statutory limitations. We have read the record and we find no abuse of discretion. State v. Masters, 108 Ariz. 189, 494 P.2d 1319 (1972).

Judgments affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.