PEOPLE v McCONNELL

Docket Nos. 61755, 61756. Submitted November 8, 1982, at Detroit.— Decided April 6, 1983.

Defendant, William McConnell, was convicted by a jury in Detroit Recorder's Court of two counts of armed robbery and one count of possession of a firearm during the commission of a felony. In a case unrelated to the case tried before the jury the defendant also pled nolo contendere to one count of armed robbery and one count of possession of a firearm during the commission of a felony. The trial court, Michael F. Sapala, J., sentenced defendant to concurrent terms of five to ten years imprisonment on each of the three armed robbery counts to be served after completion of concurrent mandatory terms of two years imprisonment on each of the felony-firearm counts. Defendant appeals from the convictions in both cases. The cases were consolidated on appeal. *Held:*

1. The essential elements of armed robbery are: (1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute; the element regarding an

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 883.
[2] 67 Am Jur 2d, Robbery § 4.
[3] 6 Am Jur 2d, Assault and Battery § 32.
[4] 5 Am Jur 2d, Appeal and Error §§ 601, 778.
[4, 5] 29 Am Jur 2d, Evidence §§ 371.4, 373.
Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
[6] 5 Am Jur 2d, Appeal and Error §§ 79, 80.
23 Am Jur 2d, Depositions and Discovery §§ 313, 317.
[7] 50 Am Jur 2d, Larceny §§ 147, 157.
[8] 81 Am Jur 2d, Witnesses, § 547.
[9] 81 Am Jur 2d, Witnesses, § 612.
[10] 81 Am Jur 2d, Witnesses, § 518.
[11] 5 Am Jur 2d, Appeal and Error § 553.
[12] 81 Am Jur 2d, Witnesses § 471.
[13] 5 Am Jur 2d, Appeal and Error § 891.
[14] 75 Am Jur 2d, Trial § 729.
[15] 5 Am Jur 2d, Appeal and Error §§ 691, 692.

assault is satisfied if the defendant committed an unlawful act which placed another in reasonable apprehension of receiving an immediate battery. More is not required.

2. There was sufficient evidence to sustain defendant's conviction for the armed robbery of the second restaurant employee. It is reasonable to conclude that one who is confronted with a pointed gun would suffer a "reasonable apprehension" notwithstanding the fleeting duration of the gunman's aim.

3. The trial court did not err in admitting evidence consisting of third-party testimony regarding the pretrial lineup identification procedure. It is not error to admit into evidence a third-party's testimony regarding a pretrial lineup procedure where such testimony is limited to the fact of identification and the circumstances surrounding the identification procedure and where the third party does not testify as to what the complainant actually said.

4. The defendant's failure to object to the admission of the third-party testimony regarding the pretrial lineup identification procedure precludes appellate review, absent manifest injustice. Here, there was no manifest injustice. In cases such as this, where there was other competent testimony given at trial by two other witnesses who attended the pretrial lineup, and where defense counsel had an opportunity to cross-examine the third party, any prejudice resulting from the erroneous admission of the third-party's testimony is harmless.

5. The trial court did not commit reversible error in denying defendant's motion for a mistrial based upon the prosecutor's failure to comply with a discovery order since the error was harmless beyond a reasonable doubt.

6. The prosecutor did not improperly impeach the defendant by questioning him about being a heroin addict. A prosecutor may question a defendant in cases involving larceny-related crimes concerning his drug addiction to establish a motive for the crime charged. The legal relevance of such evidence to motive for a theft offense depends upon proof of three factors: (1) that defendant not merely used a drug, but that he used a drug which is addictive and that he actually was, in some substantial measure, addicted, and thus, compelled to obtain the drug, (2) that he used the drug in such quantity that maintenance of his habit was expensive, and (3) that he lacked sufficient income from legal sources to sustain his habit. Here, the prosecution met these fundamental requirements. The prosecutor's questioning of defendant was proper under these guidelines.

7. The prosecution did not improperly impeach defendant's

alibi witness with evidence of the witness's arrest for another armed robbery. A witness may be questioned concerning his or her bias in regard to a defendant even where the questioning might introduce evidence of another possible offense against the defendant. The allowance of cross-examination on collateral matters to impeach the credibility of a witness is within the discretion of the trial court. Here, the trial court did not abuse its discretion in allowing the impeachment evidence. In addition, it was the witness who first brought out the fact that he had a prior arrest. The defendant cannot claim prejudicial error as a result of evidence which his own alibi witness invited.

8. Defendant's failure to object to the prosecutor's impeachment of defendant's alibi witness by evidence that he failed to come forward with his information until the day of trial waives review of such issue on appeal absent manifest injustice. Nevertheless, it is proper for a prosecutor to cross-examine an alibi witness concerning his failure to come forward with the alibi prior to trial.

9. The trial court properly instructed the jury to disregard a portion of defendant's closing argument containing a misstatement of the testimony at trial. Defendant's failure to object to the court's curative instruction precludes appellate review of such issue absent manifest injustice.

10. The trial court's failure to instruct the jury on the "perfect defense" avenue of relief, i.e., that if the alibi is established the jury must find defendant not guilty, does not warrant reversal.

11. Defendant waived all claims of error with respect to the second case in which he pled nolo contendere, by failing to address any issues as to this case in his brief on appeal.

Affirmed.

1. APPEAL — CRIMINAL LAW — EVIDENCE.

The Court of Appeals must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt when determining whether there is sufficient evidence to support a defendant's conviction.

2. ROBBERY — ARMED ROBBERY — ELEMENTS.

The essential elements of armed robbery are: (1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon

described in the statute; the assault element is satisfied where the defendant commits an unlawful act which places another in reasonable apprehension of receiving an immediate battery (MCL 750.529; MSA 28.797).

3. ASSAULT AND BATTERY — FIREARMS.

It is reasonable to conclude that a person who is confronted with a pointed gun would suffer a reasonable apprehension of receiving an immediate battery notwithstanding the fleeting duration of the gunman's aim.

4. CRIMINAL LAW — EVIDENCE — APPEAL — HARMLESS ERROR.

A defendant's failure to object to the admission of evidence consisting of third-party testimony regarding a pretrial lineup procedure precludes appellate review of the issue absent manifest injustice; any prejudice resulting from the erroneous admission of such testimony is harmless where there was other competent testimony given at trial by two other witnesses who attended the pretrial lineup and where defense counsel had an opportunity to cross-examine the third party.

5. CRIMINAL LAW — EVIDENCE — THIRD-PARTY TESTIMONY — APPEAL.

The admission into evidence of a third party's testimony regarding a pretrial lineup procedure is not erroneous where the testimony is limited to the fact of identification and the circumstances surrounding the identification procedure and does not contain testimony as to what the complainant actually said.

6. PROSECUTING ATTORNEYS — DISCOVERY — VIOLATION OF DISCOVERY ORDERS — APPEAL.

Violation of a discovery order by a prosecutor, even where done inadvertently and in good faith, is grounds for reversal on appeal absent clear evidence that the failure to divulge was harmless beyond a reasonable doubt.

7. CRIMINAL LAW — PROSECUTING ATTORNEYS — LARCENY — MOTIVE — DRUG ADDICTION.

A prosecutor may question a defendant in cases involving larceny-related crimes concerning the defendant's drug addiction in order to establish a motive for the crime charged; such motive evidence is to be used with utmost discretion so as to minimize undue prejudice to the defendant and its admission depends upon proof of three factors: (1) that defendant not merely used a drug, but that he used a drug which is addicitive and that he actually was, in some substantial measure, addicted, and thus, compelled to obtain the drug, (2) that he used the drug in such quantity that maintenance of his habit was

expensive, and (3) that he lacked sufficient income from legal sources to sustain his habit.

8. CRIMINAL LAW — TRIAL — WITNESSES — IMPEACHMENT.

A witness may be questioned concerning his or her bias in regard to a defendant even when such questioning might introduce evidence against the defendant of another possible offense.

9. WITNESSES — IMPEACHMENT — COLLATERAL MATTERS.

The allowance of cross-examination on collateral matters to impeach the credibility of a witness is generally within the discretion of the trial court.

10. WITNESSES — IMPEACHMENT — APPEAL.

A defendant cannot claim prejudicial error resulting from a trial court's allowance of evidence impeaching the defendant's alibi witness where such evidence was first brought out by the alibi witness himself.

11. CRIMINAL LAW — WITNESSES — EVIDENCE — APPEAL — PRESERVING QUESTION.

A defendant's failure to object to evidence pertaining to the failure of defendant's alibi witness to come forward with his information until the day of trial waives review of such issue on appeal absent manifest injustice.

12. WITNESSES — ALIBI WITNESSES — IMPEACHMENT.

It is proper to cross-examine an alibi witness concerning his failure to come forward with the alibi prior to trial.

13. CRIMINAL LAW — APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

A defendant's failure to object to curative instructions given by a trial court precludes appellate review of such instructions absent manifest injustice.

14. CRIMINAL LAW — JURY INSTRUCTIONS — ALIBI — PERFECT DEFENSES.

A trial court's failure to instruct a jury on the "perfect defense" avenue of relief does not warrant reversal in a criminal trial wherein the defendant presents an alibi defense; such "perfect defense" concept would encourage an instruction to the effect that, if the alibi is established, the jury must find defendant not guilty.

15. APPEAL — WAIVER — BRIEFS.

A defendant waives all claims of error where he fails to address any issues as to the case in his brief on appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and D. F. WALSH, JJ.

PER CURIAM. Following a jury trial in Detroit Recorder's Court, defendant was convicted of two counts of armed robbery, MCL 750.529; MSA 28.797, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; MSA 28.424(2). In an unrelated case, defendant pled nolo contendere to one count of armed robbery and one count of felony-firearm. On Thursday, September 24, 1981, defendant was sentenced to concurrent terms of five to ten years imprisonment on each of the three armed robbery counts to be served after completion of concurrent mandatory terms of two years imprisonment on each of the felony-firearm counts. Defendant appeals from all of the convictions as of right, these cases having been consolidated on appeal. We address the numerous issues raised by defendant *seriatim.*

In the first of these two cases, the testimony at trial revealed that on April 16, 1981, defendant entered a fast-food restaurant in the City of Detroit and pointed a handgun at the restaurant employee, demanding that she give him money from the cash register. After the employee obeyed his demand, defendant then instructed her to give him money from two other cash registers. Accord-

ingly, the employee went over to the next two registers where she and other employees emptied the contents and turned them over to defendant.

Defendant's first contention on appeal is that there was insufficient evidence to sustain his conviction of armed robbery of the second restaurant employee. The basis of this contention is the fact that defendant only pointed his gun at that employee for a short time.

The standard of review for a sufficiency of the evidence question was recently summarized in *People v Delongchamps,* 103 Mich App 151, 159; 302 NW2d 626 (1981).

"When determining whether there is sufficient evidence to support their convictions, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), [cert den, 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980)]."

The essential elements of armed robery are as follow: (1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute. *People v Avery,* 115 Mich App 699; 321 NW2d 779 (1982); *People v Beebe,* 70 Mich App 154, 157; 245 NW2d 547 (1976). The element regarding an assault is satisfied if the defendant committed an unlawful act which placed another in reasonable apprehension of receiving an immediate battery. More is not required. *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978).

Neither defendant's brief nor our research re-

veals any authority holding that each of several armed robbery victims must have had the weapon pointed at them for a requisite minimum length of time. It seems reasonable to conclude that one who is confronted with a pointed gun would suffer a "reasonable apprehension" notwithstanding the fleeting duration of the gunman's aim. Thus, we conclude that there was sufficient evidence to sustain defendant's conviction of armed robbery of the second restaurant employee.

Second, defendant contends that the trial court improperly admitted third-party testimony regarding the pretrial lineup identification procedure in violation of the hearsay rule, MRE 802. Defendant's failure to object to the admission of this third-party testimony, however, precludes our review of this issue, absent manifest injustice. *People v Horton,* 98 Mich App 62, 71; 296 NW2d 184 (1980). We find no such manifest injustice. In cases such as the one at bar, where there was other competent testimony given at trial by two other witnesses who attended the pretrial lineup, and where defense counsel had an opportunity to cross-examine the third party, any prejudice resulting from the erroneous admission of his testimony is harmless. *People v Prophet,* 101 Mich App 618, 624; 300 NW2d 652 (1980).

In any event, we are not persuaded that the trial court erred in admitting this testimony. Where a third party's testimony regarding a pretrial lineup procedure is limited to the fact of identification and the circumstances surrounding the identification procedure, its admission into evidence is not erroneous. *People v Sanford, supra,* p 491; *People v Gwinn,* 111 Mich App 223, 245; 314 NW2d 562 (1981).

This holding shall not be read as a departure

from Judge RILEY's position as stated in *Prophet, supra,* or *People v Turner,* 116 Mich App 421; 323 NW2d 425 (1982), where she found error, albeit harmless, in the trial court's admission of a third-party's testimony concerning a pretrial lineup procedure. The case at bar is markedly different from *Prohpet, supra,* or *Turner, supra,* inasmuch as, in this case, the third party did not testify as to what the complainant actually said but, rather, his testimony was limited to the fact of identification and the circumstances surrounding the identification. Based on this record, we find no error.

Next, defendant contends that the trial court erred in refusing to grant a mistrial based on the prosecution's failure to comply with a discovery order. Specifically, defendant contends that the prosecution breached its duty pursuant to the discovery order, which required that "[a]ll statements known to the police and prosecutor of all endorsed witnesses" be turned over to defendant, by failing to inform defendant of the restaurant manager's oral identification of defendant made to the police at the time of the preliminary examination.

In *People v Pace,* 102 Mich App 522, 530-531; 302 NW2d 216 (1980), this Court set forth the standard of review for a discovery order violation as follows:

"Where a prosecutor has violated a discovery order—even if done inadvertently in good faith—unless it is clear that the failure to divulge was harmless beyond a reasonable doubt, we will reverse." (Footnotes omitted.)

In the case at bar, we find that the admission of this evidence was harmless beyond a reasonable doubt. Even if defendant had been furnished with the statement prior to trial, he would not have

been able to suppress it. Hence, the only possible prejudice resulting from this failure to divulge was the inadequate prepartion of cross-examination by defense counsel. However, the prosecutor eliminated this source of prejudice by insuring that the witness would "remain available for any additional cross-examination the defense would care to conduct". Moreover, in view of the other evidence against defendant, it is impossible to believe that, absent the restaurant manager's identification of defendant, he would have had a reasonably likely chance of acquittal. We conclude that the trial court did not commit reversible error in denying defendant's motion for a mistrial since the error was harmless beyond a reasonable doubt.

Defendant further contends that the prosecution improperly impeached him by questioning him about being a heroin addict. We disagree.

In cases involving larceny-related crimes, the prosecutor may question a defendant concerning his drug addiction to establish a motive for the crime charged. *People v Walker,* 86 Mich App 155, 159; 272 NW2d 222 (1978). In *People v Talaga,* 37 Mich App 100, 103; 194 NW2d 462 (1971), this Court stated:

"Whether the defendant was a heroin addict at or near the time of the offense was relevant and material to the establishment of a motive for defendant's commission of the crime charged. Motive, if established, would tend to rebut defendant's contention that he was at home and knew nothing of the charge made against him."

In view of its highly inflammatory nature, the Court in *People v Walker, supra,* cautioned that such motive evidence be used with utmost discretion so as to minimize undue prejudice to defen-

dant. To accomplish this, the Court set forth the following guidelines for admitting such evidence:

"The legal relevance of such evidence to motive for a theft offense would seem to depend upon proof of three factors: (1) that defendant not merely used a drug, but that he used a drug which is addictive and that he actually was, in some substantial measure, addicted, and thus, compelled to obtain the drug; (2) that he used the drug in such quantity that maintenance of his habit was expensive; (3) that he lacked sufficient income from legal sources to sustain his habit." 86 Mich App 159, fn 2.

In the case at bar, the prosecution met these fundamental requirements. Although denying that he was a heroin addict on the day of the offense, defendant admitted to a past heroin addiction lasting 2-1/2 years and he also admitted to being an occasional user of heroin at the time of the robbery. Defendant also stated that buying heroin was expensive and that he didn't have much money. Based upon these facts we conclude that the prosecutor's questioning of defendant regarding his addiction to heroin was proper under *Walker, supra.*

Next, defendant contends that the prosecution improperly impeached defendant's alibi witness with evidence of the witness's arrest for another armed robbery. Again we disagree.

A witness may be questioned concerning his or her bias in regard to a defendant even when the questioning might introduce evidence against the defendant of another possible offense. *People v Chaplin,* 102 Mich App 748, 751; 302 NW2d 569 (1980), *rev'd on other grounds,* 412 Mich 219; 313 NW2d 899 (1981). Generally, the allowance of cross-examination on collateral matters to im-

peach the credibility of a witness is within the
discretion of the trial court. *People v Carner,* 117
Mich App 560; 324 NW2d 78 (1982); *People v
Kelly,* 66 Mich App 634; 239 NW2d 691 (1976).
After reviewing the record, we find no abuse of the
trial court's discretion in allowing this impeach-
ment evidence. Our conclusion in this regard is
bolstered by the fact that it was the witness and
not the prosecutor who first brought out the fact
that that witness had a prior arrest. The defen-
dant cannot claim prejudicial error by evidence
which his own alibi witness invited.

Similarly, we reject defendant's argument that
the prosecutor improperly impeached defendant's
alibi witness by evidence that he had failed to
come forward with his information as to defen-
dant's alibi until the day of trial. Defendant's
failure to object to this evidence waives review on
appeal absent manifest injustice. *People v Horton,
supra.*

Assuming this issue was properly before the
Court, we would hold that it was proper for the
prosecutor to cross-examine an alibi witness con-
cerning his failure to come forward with the alibi
prior to trial. *People v Diaz,* 98 Mich App 675, 683;
296 NW2d 337 (1980).

Next, defendant contends that the trial court
improperly instructed the jury to disregard a por-
tion of defendant's closing argument. During his
closing argument defense counsel stated that de-
fendant had told the police at the time of his
arrest that "he didn't commit those crimes". The
prosecutor made a timely objection, outside the
jury's presence, at the close of defense counsel's
closing argument, on the ground that this state-
ment was a misstatement of the testimony at trial.
The trial court agreed that defendant had never

made such a statement and, accordingly, he instructed the jury to disregard that portion of defense counsel's closing argument.

Once again, defendant's failure to object to the court's curative instruction precludes review of this issue absent manifest injustice. *People v Owens,* 108 Mich App 600, 608; 310 NW2d 819 (1981). In any event, we find no error in the court's curative instruction.

Finally, defendant contends that the trial court improperly instructed the jury on the alibi defense. Although the court instructed the jury that an alibi could create a reasonable doubt as to defendant's guilt, it did not instruct the jury on the so called "perfect defense" concept, *i.e.,* that if the alibi is established, the jury must find defendant not guilty.

A trial court's failure to instruct on the "perfect defense" avenue of relief does not warrant reversal. In *People v Prophet, supra,* p 628, this Court held that:

"Where only the reasonable doubt/alibi instruction is given, there is no prejudice or manifest injustice to defendant. Indeed, the giving of both instructions may be unnecessarily confusing to a jury which must first determine why the natural corallary of the reasonable doubt concept was given before it can apply both instructions to its analysis of the evidence. Where the jury is instructed to acquit if it finds a reasonable doubt as to defendant's presence at the scene of the crime, and it nevertheless finds defendant guilty, such verdict implies that, even if the perfect defense instruction had been given, acquittal could not have resulted."

Accord, *People v Adams,* 66 Mich App 616; 239 NW2d 683 (1976), *lv den* 396 Mich 849 (1976).

In closing, we note that defendant has waived all claims of error with respect to the second case,

in which he pled nolo contendere, by failing to address any issues as to this case in his brief on appeal. *People v Gallagher,* 68 Mich App 63; 241 NW2d 759 (1976).

Affirmed.