MR. JUSTICE LEE
delivered the opinion of the Court.
This is an original proceeding brought by the district attorney to prohibit respondent district court from dismissing an amended indictment in case No. 73381 of the district court of Pueblo county. By this indictment, James Earl Wallace was charged with first-degree murder. We issued our rule to show cause and the matter is now at issue. We discharge the rule.
Reference is made to our decision in People v. Salazar, Wallace and Martinez, 189 Colo. 429, 541 P.2d 676, where the circumstances leading to the indictment of defendant Wallace are set forth. In that decision, the rulings of the trial court suppressing statements made by Wallace to police and prosecution officials, and his grand jury testimony, were affirmed by this court. In addition to that relief, the trial court also granted Wallace’s motion to dismiss the grand jury indictment, on the ground that Wallace was a putative or focused-on defendant when he was involuntarily taken before the grand jury and compelled to testify without having been advised concerning his privilege against self-incrimination.
The order of dismissal was entered on the 18th of November 1974. No appeal was taken from that order within the time limits for appeal, as set forth in C.A.R. 4(b). This original proceeding was initiated on the 28th of February 1975.
It is readily apparent that the order of dismissal was a final order, the correction of which was properly in the ordinary course of the appellate process. As has been often stated, it is not the function of an original proceeding in prohibition to correct trial court errors, inasmuch as prohibition is a preventative remedy not grantable ex debito justitiae. Leonhart v. District Court, 138 Colo. 1, 329 P.2d 781; Prinster v. District Court, 137 Colo. 393, 325 P.2d 938. A party may not bypass an appellate remedy and seek the correction of errors by means of an original proceeding. Fitzgerald v. District Court, 177 Colo. 29, 493 P.2d 27. The attempt by the district attorney to correct the alleged error by invoking the remedy of prohibition, in our view, was an attempt to bypass the appellate remedy, the time for which had gone by. For this reason, this proceeding should be terminated.
Rule discharged.
MR. CHIEF JUSTICE PRINGLE does not participate.