JUSTICE LEE
delivered the opinion of the Court.
In this original proceeding, we issued a rule to show cause why the respondent district court should not be prohibited from dismissing an indictment returned by the State Grand Jury against Victor Lederman. We now discharge the rule.
On October 12, 1978, Victor Lederman was contacted by telephone by an investigator of the State Grand Jury and informed that a subpoena had been issued directing him to appear before the grand jury on October *470 18, 1978. Lederman indicated that he would be absent from the state on that date and requested that the date be changed. His appearance was rescheduled for the earlier date of October 13, 1978, and he was told to appear at that time.
Lederman was never served with the subpoena, but he did appear before the grand jury as directed. He was not represented by an attorney at his grand jury appearance. After he was sworn in as a witness, he was questioned concerning whether he had in fact been served with a subpoena. He indicated that he had not been served. The district attorney then verbally advised Lederman of his rights from a subpoena form, as provided in section 16-5-204(4)(a), C.R.S. 1973 (1978 Repl. Vol. 8).[1]
During Lederman’s testimony, the district attorney handed him a copy of a transcript of an Aurora City Council meeting at which Lederman had spoken concerning the proposed purchase by the City of Aurora of his golf course property. The district attorney then questioned him about his statements to the council at that meeting.
The grand jury returned an indictment against Lederman, based in part on information obtained from his testimony on October 13, 1978. Upon motion made by Lederman, the district court dismissed the indictment.
The court found that Lederman was clearly a suspect in the investigation, that he had not been advised of his rights prior to giving his grand jury testimony, as required by section 16-5-204(4)(a), and that section 16-5-204(4)(b), C.R.S. 1973 (1978 Repl. Yol. 8) therefore mandated dismissal of the indictment.[2]
The court also found that the prosecution had failed to provide Lederman, prior to testifying, with a copy of the statement about which he was *471 questioned, as required by section 16-5-204(4)(h), C.R.S. 1973 (1978 Repl. Vol. 8).[3]
I.
We note petitioner’s choice of appellate remedy was inappropriate in view of the final nature of the order of dismissal of the indictment. See People v. District Court, 189 Colo. 437, 541 P.2d 683 (1975). We have elected, however, not to discharge the rule for that reason, but rather to treat the matter as one of appeal, inasmuch as the proceeding was commenced within the thirty-day period provided in C.A.R. 4(b).
II.
Section 16-5-204(4) (a) gives the prosecuting attorney the option of including an advisement of rights on the face of the grand jury subpoena. Implicit in this provision is the necessity of determining whether the witness to be subpoenaed is a putative, focused-on suspect in the criminal conduct being investigated by the grand jury. If the prosecutor makes the threshold decision — that the witness is such a suspect — an advisement of a witness is necessary in view of the witness’ constitutional privilege against self-incrimination. People v. Salazar, Jr., 189 Colo. 429, 541 P.2d 676 (1975). The statute provides the specific language of advisement which must be used in the subpoena.
Additionally, Crim.P. 6.1, relating to grand jury subpoenas, requires that a witness must be served at least forty-eight hours prior to any appearance before the grand jury, unless waived by the witness.
Section 16-5-204(4)(b) prohibits the prosecution of a witness who is not advised of his rights pursuant to paragraph (a) of section 16-5-204(4).
The court’s findings that the prosecution failed to comply with section 16-5-204(4)(a) and Crim.P. 6.1, when Lederman was a suspect in the matter under investigation, are clearly supported by the record. It thus became the duty of the court to grant Lederman’s motion to dismiss under the provisions of section 16-5-204(4) (b).
The People have argued that Lederman’s appearance before the grand jury was voluntary and that statutory service of the subpoena was therefore waived. The court specifically found that Lederman did not appear voluntarily but did so pursuant to directions of the grand jury’s investigator. Thus, there was no waiver of the statutorily required service of a subpoena containing an advisement of rights.
The People further contend that the oral advisement of rights before the grand jury, after Lederman had been sworn, satisfied the *472 requirement of the statute. We do not agree. This contention flies in the face of the provisions of the statute and of Crim.P. 6.1. Moreover, section 16-5-204(4)(c) provides a further protection to a witness who may be a suspect in the criminal matters being investigated by the grand jury. The statute provides:
“In any proceeding before the grand jury, if the prosecuting attorney had written notice in advance of the appearance of a witness that such witness intends to exercise his privilege against self-incrimination, such witness shall not be compelled to appear before the grand jury unless a grant of immunity has been obtained.”
As the trial court pointed out, the witness cannot exercise his right to give written notice of his intention to exercise the privilege against self-incrimination in advance of his testimony unless he receives written advisement of his rights in advance, as required by subparagraph (a) of section 16-5-204(4). An oral advisement in the presence of the grand jury does not meet the requirements of the statute and does not afford the protection to the witness intended by the statute — that he be permitted to exercise his privilege against self-incrimination outside the presence of the grand jury without having to appear and do so in the presence of the grand jury.
Concerning the failure of the prosecution to provide Lederman with a copy of his statement made to the Aurora City Council prior to Lederman’s testifying, the court was correct in its conclusion that the prosecution did not comply with section 16-5-204(4)(h), C.R.S. 1973 (1978 Repl. Vol. 8). Lederman had no advance notice that he was to be examined concerning the statement. Thus, he could not exercise the right given to him by the statute — to examine and copy the statement prior to testifying before the grand jury. The statute clearly imposes a duty on the prosecuting attorney to make available to the witness summoned a copy of such a statement in the possession of the prosecution or the grand jury prior to calling upon the witness to testify before the grand jury. The court did not err in this ruling.
The rule to show cause is discharged.

 “(a) At the option of the prosecuting attorney, a grand jury subpoena may contain an advisement of rights. If the prosecuting attorney determines that an advisement is necessary, the grand jury subpoena shall contain the following advisement prominently displayed on the front of the subpoena:
“NOTICE
“(I) You have the right to retain an attorney to represent you and to advise you regarding your grand jury appearance.
“(II) Anything you say to the grand jury may be used against you in a court of law.
“(Ill) You have the right to refuse to answer questions if you feel the answers would tend to incriminate you or to implicate you in any illegal activity.
“(IV) If you cannot afford or obtain an attorney, you may consult with the public defender’s office, or request the court to appoint an attorney to represent you.”

 “(b) Any witness who is not advised of his rights pursuant to paragraph (a) of this subsection (4) shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he testifies or any evidence he produces, nor shall any such testimony or evidence be used as evidence in any criminal proceeding, except for perjury, against him in any court.”

 “(h) Any witness summoned to testify before a grand jury, or an attorney for such witness with the witness’s written approval, shall be entitled, prior to testifying, to examine and copy at the witness’s expense any statement in the possession of the prosecuting attorney or the grand jury which such witness has made that relates to the subject matter under inquiry by the grand jury. If a witness is proceeding in forma pauperis, he shall be furnished, upon request, a copy of such transcript and shall not pay a fee.”