624 P.2d 324

The STATE of Arizona, Appellee,

v.

David Martin RIVERA, Shelly Maurice Hendrix, Rosario Grandinetti, Appellants.

Nos. 2 CA–CR 1705, 2 CA–CR 2007 and 2 CA–CR 2008.

Court of Appeals of Arizona, Division 2.

Dec. 19, 1980.

Rehearing Denied Jan. 28, 1981.

Review Denied Feb. 24, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto, Tucson, for appellant Rivera.

Thikoll, Johnston & Rosen by Leon Thikoll, Tucson, for appellant Hendrix.

Harley Kurlander, Tucson, for appellant Grandinetti.

## OPINION

RICHMOND, Judge.

This is a consolidated appeal from appellants' convictions of armed robbery with a gun and conspiracy and the sentences imposed.[1] Their two contentions are: (1) they were improperly convicted of and sentenced for armed robbery with a gun; (2) the presence of counsel for a witness at the grand jury proceedings violated 17 A.R.S. Rules of Criminal Procedure, rule 12.5, and denied them a substantial procedural right.

Appellants contend they were denied due process by the trial court finding as a matter of law that an unloaded, inoperable BB pistol used during the robbery was a gun for the purposes of punishment under

---

1. Hendrix was found guilty only of armed robbery with a gun.

A.R.S. § 13–643(B). The statute provides, in part:

B. Robbery committed by a person armed with a *gun or deadly weapon* is punishable by imprisonment in the state prison, for the first offense, for not less than five years . . . *and in no case, except for a first offense committed by a person armed with a deadly weapon other than a gun*, shall the person convicted be eligible for . . . probation . . . until such persons has served the minimum sentence imposed. (Emphasis added).

■ Appellants argue that the legislative intent was to require mandatory prison time if the crime was committed with an instrument capable of inflicting death. A similar contention was rejected by this court in *State v. Streyar*, 119 Ariz. 607, 583 P.2d 263 (App.1978). A BB pistol is a gun for the purposes of § 13–643. *Id.* The fact that the gun was unloaded and inoperable is immaterial. *See State v. Hall*, 120 Ariz. 454, 586 P.2d 1266 (1978).

Appellants' second contention is that they were denied a substantial procedural right by the presence and participation of Ms. Samet, the attorney for a minor who testified before the grand jury.[2] The witness was with appellants when they robbed an undercover narcotics officer. During her testimony, the prosecutor asked:

Q. What happened when you got to Menlo Plaza?

A. Well, all three of them got down off the car, and I was sitting in the car. Well, first—I can't think of his name.

MS. SAMET: Rosario?

THE WITNESS: Rosario, he got out and he was wandering around the parking lot looking for the guy with the money, and finally he came, and I don't know, you know, they were making the deal, whatever. But I was in the car all the time.

■ Appellants, citing *Corbin v. Broadman*, 6 Ariz.App. 436, 433 P.2d 289 (1967), argue that Ms. Samet's presence in the jury room voided the proceeding. Under rule 12.5, counsel for a witness who is a person under investigation is authorized to be present. Appellants contend that the witness was not a person under investigation by the grand jury, especially since she was a minor and was granted use immunity for her testimony. Her status as a minor did not shield her from the jury's investigation. Although no indictment could have been returned unless she was removed from the juvenile court's jurisdiction, nothing prevented such removal during the grand jury session. Use immunity did not shield her from criminal prosecution. *See Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

■ For the grand jury to perform fully, its investigative powers are necessarily broad. *Marston's Inc. v. Strand*, 114 Ariz. 260, 560 P.2d 778 (1977). The grand jury received evidence, other than the minor's testimony, that she was with appellants at the scene of the armed robbery and was arrested. We cannot say that her involvement was beyond the scope of the grand jury's investigation or that her attorney's presence there was unauthorized.

■ Appellants further contend that even if the attorney's presence was authorized, the indictments should have been dismissed because she was authorized by rule 12.5 only to advise her client and exceeded the scope of her authorized participation when she supplied the name "Rosario." We do not agree. Without a showing of prejudice, denial of a motion to quash the indictment does not constitute reversible error. *See State v. Hocker*, 113 Ariz. 450, 556 P.2d 784 (1976). Ms. Samet merely supplied the name of one of the appellants. The prosecutor had already named all of the appellants on several occasions in questioning the minor. Contrary to their argument, the record *does not* disclose that appellants were denied a substantial procedural right.

Affirmed.

HATHAWAY, C.J., and HOWARD, J., concur.

---

2. They also raised but do not argue a "Fifth Amendment right to a grand jury." *But see* *State v. Berry*, 101 Ariz. 310, 419 P.2d 337 (1966).