746 P.2d 924

**STATE of Arizona, Appellant,**

v.

**Rhonda Lea DOOLITTLE, Appellee.**

**No. 1 CA–CR 10400.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 11, 1987.

Reconsideration Denied Sept. 24, 1987.

Review Denied Jan. 12, 1988.

---

* The Honorable Gerald J. Strick, Judge *Pro Tempore,* has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 3 and A.R.S. §§ 12–145 and 12–147.

Robert K. Corbin, Atty. Gen. by Steven J. Twist, Chief Asst. Atty. Gen., and Kristi A. Riggins, Asst. Atty. Gen., Phoenix, for appellant.

Tom Karas, Phoenix, for appellee.

## OPINION

CONTRERAS, Judge.

This is an appeal from the trial court's order granting appellee's motion to dismiss an indictment and suppress grand jury testimony. The issues presented on appeal are:

1. Did the trial court err as a matter of law in determining that appellee was "a person under investigation" when she appeared and testified before the state grand jury on July 29, 1985?

2. Did the trial court err as a matter of law in suppressing the transcript of appellee's perjured testimony and dismissing the indictment?

We conclude that the trial court did not abuse its discretion in determining that appellee was a person under investigation when she appeared and testified before the grand jury. We also conclude that the trial court did not err in suppressing the transcript or dismissing the indictment. Therefore, we affirm the trial court's decision.

Appellee Rhonda Lee Doolittle (defendant) was charged by indictment on September 10, 1985, with six counts of perjury allegedly committed while testifying before a state grand jury. On May 16, 1986, defendant moved to suppress the grand jury testimony and to dismiss the indictment for failure to comply with Rule 12.6, Arizona Rules of Criminal Procedure, and A.R.S. § 21–412. The state filed a response, to which appellee filed a reply. Following oral argument, the trial court, in a detailed minute entry dated June 13, 1986, setting forth findings of fact and

conclusions of law, granted defendant's motion to suppress the grand jury testimony and to dismiss the indictment. The state filed a motion for reconsideration which was denied on July 2, 1986. The state filed a timely notice of appeal on July 3, 1986, pursuant to A.R.S. § 13–4032(1).

## FACTUAL BACKGROUND

The relevant facts follow, viewed in a light most favorable to sustaining the trial court's decision. *State v. Olivas*, 119 Ariz. 22, 579 P.2d 60 (App.1978). Defendant was employed as a clerical worker in the office of a licensed physician. Her primary duty in the physician's office was to process insurance claims for the physician's patients. Defendant had been employed by the physician for twelve years, longer than any other employee in his office.

The Arizona Attorney General's Office conducted an investigation into allegations of insurance fraud and illegal distribution of prescription drugs against defendant's employer. In furtherance of the investigation, Special Agent Susan Yaglou, an employee of the Arizona Attorney General's Office, conducted an undercover investigation of the physician's business by obtaining employment as a receptionist at the physician's office. During the course of her employment, Yaglou observed what she considered were improprieties in the physician's practice and reported these to the Attorney General's Office. On July 25, 1985, state grand jury subpoenas were served upon the physician's office by the Attorney General's Office. Subpoenas *duces tecum* were also issued for sixteen patient files. Yaglou's identity as a special agent remained unknown to the physician and his employees. On July 26, 1985, Yaglou observed defendant and her employer engaging in what appeared to be an altering of files which were included in the files under subpoena.

On July 29, 1985, defendant appeared and testified before the state grand jury.[1] While defendant was informed that she must give truthful testimony under oath before the grand jury, she was not informed of the rights of a person under investigation by the grand jury to remain silent and to have counsel present to advise her while giving testimony. Rule 12.6, Arizona Rules of Criminal Procedure; *see also* A.R.S. § 21–412. Defendant testified that her duties involved processing insurance claims for the physician's patients, and that she was intimately familiar with the insurance claims processing procedure in the physician's office. She denied specific allegations that she had altered files after the subpoenas *duces tecum* had been served. On the specific point of tampering with the files, the Assistant Attorney General addressed a question by the witness as to allegations of evidence tampering as follows:

> MS. RIGGINS: Well, we'll certainly take into account your explanation. But in general, tampering with physical evidence is a very serious offense and so any sort of tampering which would impair the validity of the evidence or conceal evidence of a crime would certainly be frowned upon, to say the least, by the grand jury and by the state and so you should be aware of that as well.
>
> DOOLITTLE: Okay.

On September 10, 1985, the state presented evidence of perjury to the state grand jury. Special Agent Yaglou testified before the grand jury that she had seen evidence of tampering by Doolittle, the physician, and at least one other employee the day after the subpoenas had been served. The Assistant Attorney General assisting the grand jury made the following inquiry:

---

1. The court notes that a complete transcript of the grand jury proceedings on July 29, 1985 is not part of the record in this appeal; only a few excerpts from that transcript attached to the state's motion for reconsideration are included in the record on appeal, in addition to the transcript of witness Doolittle's testimony presented to the grand jury on September 10, 1985. To the extent that the transcript before this court is incomplete, we must assume any evidence not available on appeal supports the actions of the trial judge. *State v. Kerr*, 142 Ariz. 426, 690 P.2d 145 (App.1984).

MS. RIGGINS: So by the time that Miss Doolittle testified on July 29, 1985, had the investigation expanded to include possible allegations of tampering with physical evidence?

MS. YAGLOU: Yes.

Q. And was that with respect to patient files?

A. That's correct.

After considering the matter, the grand jurors returned a true bill as to six counts of perjury against Doolittle.

## PERSON UNDER INVESTIGATION

In its minute entry of June 13, 1986, the trial court specifically found that defendant was a person under investigation, and that the state violated Rule 12.6 of the Arizona Rules of Criminal Procedure when it failed to inform her of her rights to remain silent or to have the assistance of counsel. The court noted that defendant had direct involvement in the acts under investigation, and that the grand jury investigated her role in obstructing justice and subjected her to potentially self-incriminating questions by focusing upon her acts of editing or changing subpoenaed files. The state argues that defendant was not a "person under investigation" within the meaning of Rule 12.6, Arizona Rules of Criminal Procedure, and A.R.S. § 21–412 because the "target" of the investigation was defendant's employer. We disagree.

Both parties acknowledge that this question is a matter of first impression in Arizona and that, for all practical purposes, Rule 12.6, Arizona Rules of Criminal Procedure, and A.R.S. § 21–412 are unique to Arizona. Rule 12.6 provides:

*Appearance of persons under investigation.*

A person under investigation by the grand jury may be compelled to appear or may be permitted to appear before the grand jury upon his written request. Such person shall be advised of his right to remain silent and his right to have counsel present to advise him while he is giving testimony. If he is accompanied by counsel before the grand jury, counsel shall not attempt to communicate with anyone other than his client. Any communication or attempted communication shall result in counsel's summary expulsion by the foreman from the grand jury session.

A.R.S. § 21–412 provides:

*Evidence on behalf of persons under investigation.*

The grand jurors are under no duty to hear evidence at the request of the person under investigation, but may do so. The person under investigation shall have the right to advice of counsel during the giving of any testimony by him before the grand jury, provided that such counsel may not communicate with anyone other than his client. If such counsel communicates with anyone other than his client, he may be summarily expelled by the court from the grand jury chambers. The grand jurors shall weigh all the evidence received by them and when they have reasonable grounds to believe that other evidence, which is available, will explain away the contemplated charge, they may require the evidence to be produced.

The state contends that defendant is not a person under investigation based upon federal and state cases, citing *United States v. Ruffin,* 575 F.2d 346 (2d Cir.1978); *United States v. Anfield,* 539 F.2d 674 (9th Cir. 1976); *Robinson v. United States,* 401 F.2d 248 (9th Cir.1968); *United States v. Luxenberg,* 374 F.2d 241 (6th Cir.1967); *United States v. Scully,* 225 F.2d 113 (2d Cir.1955); *People ex rel. Gallagher v. District Court,* 198 Colo. 468, 601 P.2d 1380 (1979); *People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973); *Page v. Page,* 235 Ga. 131, 218 S.E.2d 859 (1975); *O'Neal v. State,* 468 P.2d 59 (Okla.Crim.App.1970). Defendant responds by arguing that federal law is not dispositive in this matter because there is no federal equivalent to Rule 12.6, Arizona Rules of Criminal Procedure.

We note that the federal and state authorities cited by the state in this appeal are not particularly instructive or helpful. First, the case law refers to "potential defendants", "putative defendants", and "targets", and not specifically to the Arizona

term of "person under investigation." The state has failed to show that Arizona's adoption of the phrase "person under investigation" was intended to parallel federal terminology or precedent. If anything, the indication is to the contrary. Second, a significant number of cases cited by the state are distinguishable on their facts. In several of the cases cited, the defendant was advised of his right to remain silent and right to counsel, contrary to the defendant in this case. *See United States v. Ruffin*, 575 F.2d 346 (2d Cir.1978); *United States v. Washington*, 431 U.S. 181, 97 S.Ct. 1814, 52 L.Ed.2d 238 (1977); *United States v. Wong*, 431 U.S. 174, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977). Other cases cited by the state are similarly distinguishable on their facts. *See, e.g., Robinson v. United States*, 401 F.2d 248 (9th Cir.1968) (court specifically noted lack of any indication that witness was to be charged, unlike the trial court here); *United States v. Luxenberg*, 374 F.2d 241 (6th Cir.1967) (defendants stipulated that they were witnesses and not the focus of any investigation). In summary, the cases cited by the state are of limited usefulness because there is no indication that they arise in jurisdictions having any law equivalent to Rule 12.6, Arizona Rules of Criminal Procedure, or A.R.S. § 21–412.

■ It must also be remembered that, even if the Assistant Attorney General advising the grand jury had no intent to seek an indictment against Doolittle, it was within the grand jury's powers to request that an indictment be prepared. The power to initiate and control inquiries into public offenses rests with the grand jury and not with the prosecutor. The prosecutor's duty is to assist the grand jury in its investigation; the prosecutor may not exercise dominion over those investigations by evading the grand jury's will. A.R.S. § 21–408; *Gershon v. Broomfield*, 131 Ariz. 507, 642 P.2d 852 (1982). The grand jury may call upon the prosecuting officer to draft indictments at their direction and to cause process to issue for the attendance of witnesses and other evidence. A.R.S. § 21–408(A). Thus, defendant was not shielded from the grand jury investigation. *See State v. Riv-*

*era*, 128 Ariz. 127, 624 P.2d 324 (App.1980) (minority of witness and fact that she was granted use immunity did not shield her from criminal prosecution).

■ A motion to dismiss an indictment is addressed to the sound discretion of the trial judge. *State v. Good*, 10 Ariz.App. 556, 460 P.2d 662 (1969). A reviewing court will not substitute its discretion for that of the trial court if there is any reasonable evidence to sustain the ruling below. *State v. Veatch*, 132 Ariz. 394, 646 P.2d 279 (1982). Here, the trial court was specifically concerned that defendant, as well as the physician in question, stood in a position to be indicted by the state grand jury for alleged criminal offenses which were being considered. Special Agent Susan Yaglou's testimony before the grand jury on September 10, 1985, makes it clear that she suspected defendant had tampered with evidence prior to July 29, 1985 (the date defendant testified), which would possibly subject defendant to prosecution under A.R.S. §§ 13–2510(6) and 13–2512. This is further supported by the Assistant Attorney General's comment at the July 29, 1985, grand jury proceeding that tampering with physical evidence is a very serious offense which would be "frowned upon" by the grand jury and by the state. Therefore, under the facts and circumstances of this case, we conclude that defendant was a "person under investigation" within the meaning of Rule 12.6 and A.R.S. § 21–412 at the time she appeared and testified before the grand jury. We emphasize, however, that this is the first opportunity the appellate court has had to interpret this particular phrase "person under investigation" as contained in the applicable criminal rule and statute. Accordingly, it must be kept in mind that this is an area of law which by its very nature will have to be developed on a case-by-case basis. We decide the present case on the facts and circumstances presented.

## INDICTMENT FOR PERJURY

■ Alternatively, the state argues that even if defendant was a person under in-

vestigation, the fifth amendment privilege against self-incrimination does not protect a witness who commits perjury in a grand jury proceeding, even where that witness is not warned of his privileges against self-incrimination, citing *United States v. Wong,* 431 U.S. 174, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977). While federal law certainly does not require suppression and dismissal for failure to warn a perjurous witness of his privilege against self-incrimination, federal law is not similar to Arizona law in this matter. As both parties have observed, there is no federal authority similar to Rule 12.6, Arizona Rules of Criminal Procedure, or A.R.S. § 21–412. It is also well settled that states may independently afford greater individual protection than that required by the federal Constitution. *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed. 2d 570 (1975). Accordingly, while suppression in this matter is not required under the fifth amendment of the United States Constitution, we conclude that the sanction of suppression *is* a proper consideration when there has been a violation of Rule 12.6, Arizona Rules of Criminal Procedure, and A.R.S. § 21–412.

## SANCTION OF SUPPRESSION

In its reply brief, the state argues that even if the trial court was correct in sanctioning the state for violating Rule 12.6, Arizona Rules of Criminal Procedure, suppression was an unduly harsh sanction and not required under Arizona law.

■ We note that the issue of whether suppression was an appropriate remedy was not addressed in the state's opening brief, and was not raised until the state filed its reply brief. While an appellant may properly reply to questions of law or fact raised by the appellee's brief in its reply brief, Rule 31.13(c)(3), Arizona Rules of Criminal Procedure, an appellant is not entitled to raise issues for this court's consideration for the first time in such a manner. *State v. Blodgette,* 121 Ariz. 392, 590 P.2d 931 (1979) (claims of error which defendant failed to argue as required by Rule 31.13(c)(1)(iv), Arizona Rules of Criminal Procedure, stating that opening brief shall include a concise argument containing the contentions of the party, were not entitled to consideration on appeal). Therefore, appellant has waived this argument on appeal.

Although the state did not properly raise the issue regarding the propriety of the sanction imposed, we are of the opinion that the state has failed to demonstrate that suppression was an inappropriate sanction for the trial court. The trial court generally has broad discretion to determine what sanction is appropriate for violations of the Arizona Rules of Criminal Procedure. *See State v. Lukezic,* 143 Ariz. 60, 691 P.2d 1088 (1984) (upholding imposition of continuance as appropriate sanction for discovery violations). The suppression of evidence obtained in violation of the defendant's right to be informed of his privilege against self-incrimination and right to counsel constitutes an appropriate sanction which falls within the trial court's broad discretion. The trial court did not abuse its discretion in determining that this was the appropriate sanction to impose under the attendant facts and circumstances.

For the foregoing reasons, the order of the trial court is affirmed.

GRANT, P.J., and FIDEL, J., concur.