Richard COLLINS and Randy Kailey, Petitioners–Appellants,

v.

Janet BANDY, Clerk of the Combined Courts, Respondent–Appellee.

No. 94CA0354.

Colorado Court of Appeals, Div. II.

Jan. 12, 1995.

Richard Collins, pro se.

Randy Kailey, pro se.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Dianne E. Eret, First Asst. Atty. Gen., Denver, for respondent-appellee.

Opinion by Judge HUME.

Petitioners, Richard Collins and Randy Kailey, appearing *pro se*, appeal the trial court's order denying them reimbursement for mileage. We affirm.

The essential facts are undisputed. Petitioners are incarcerated inmates who testified as witnesses for the defense at separate criminal trials. They were delivered to the court to testify by correctional officials and by the county sheriff pursuant to writs of *habeas corpus ad testificandum.*

Petitioner Collins submitted a written request to the Lincoln County district court clerk for witness and mileage fees. When the clerk did not issue payment, both petitioners filed a writ of mandamus requesting that the trial court order the clerk to pay them. The trial court granted petitioners witness fees, but denied their request for mileage allowances.

 Petitioners contend that the trial court erred in denying their claim for mileage allowances. We disagree.

 Section 13–33–103(1), C.R.S. (1987 Repl.Vol. 6A) provides that a witness appearing under subpoena is entitled to a mileage allowance based upon the distance actually and necessarily traveled between the witness' residence and the place named in the subpoena. But a witness appearing without the compulsion of a subpoena mandating his presence is not entitled to claim the mileage allowance. *See Union Pacific R.R. Co. v. Brower,* 60 Colo. 579, 155 P. 312 (1916). *See also Crawford v. French,* 633 P.2d 524 (Colo. App.1981).

 Here, while petitioner Collins' request asserts that he appeared pursuant to a subpoena, our review of the record indicates that no subpoena was in fact issued. Indeed, a subpoena issued to a prisoner would not effectuate his appearance. A writ *ad testificandum* is directed to the incarcerating officials and requires such officials to produce the prisoner at state expense. Accordingly, since petitioners' appearance was compelled by writs rather than by subpoenas, and since their transportation in response to the writ was furnished at state expense, we conclude that the trial court did not err in refusing to order payment of the statutory mileage allowance to them.

The order is affirmed.

PLANK and ROY, JJ., concur.