579 P.2d 60

**STATE of Arizona, Appellee,**

v.

**Raymond Mendoza OLIVAS, Appellant.**

**No. 1 CA–CR 2756.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 7, 1978.

Rehearing Denied May 23, 1978.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Kanne & Bickart by Allen B. Bickart, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

Following a jury trial, the appellant, Raymond Mendoza Olivas, was convicted of possessing a narcotic drug (heroin) in violation of A.R.S. §§ 36–1001 and 36–1002. The single basic contention advanced on appeal is that the evidence is insufficient to support the conviction.

On the afternoon of March 5, 1976, undercover Officers Garcia and Hernandez of the Phoenix Police Department went to the St. Mary's Food Bank at 724 South First Avenue. Arthur Perez was standing in front of the building. Officer Garcia indicated to Perez that he wanted to buy a quarter ounce of heroin and showed Perez that he had $250 in cash. At about that time, appellant drove his automobile into the Food Bank parking lot. Perez had started into the Food Bank but when he observed appellant, he asked Garcia for the cash. When Perez received the money, he walked over to appellant's car and appeared to hand it to appellant. Officers Garcia and Hernandez observed appellant apparently counting the money as he sat in his car. Perez then stepped back and appellant drove away.

During approximately the next hour Perez made two phone calls, received two

phone calls and twice left the Food Bank. At each departure he was initially observed to walk eastward toward Central Avenue, but his movements thereafter and all of his whereabouts were not seen. When he returned to the Food Bank after the second trip, he removed a brown paper bag from his left rear trouser pocket and handed it to Garcia. The bag contained a syringe kit and what proved to be two separately wrapped quantities of heroin. The heroin was wrapped in aluminum foil. A latent fingerprint which was stipulated in the trial court to be appellant's was taken from one of the two pieces of aluminum foil.

Appellant contends that these circumstances are insufficient to show, beyond a reasonable doubt, that he possessed heroin. Appellant relies upon cases where fingerprint evidence has been held insufficient for lack of a temporal connection with the offense [1] and points to other evidence in the case which established that both appellant and Perez were employed by the Seven Step Foundation, where appellant was house manager and had duties relating to food which would have included on occasion wrapping spoilable food in aluminum foil. Appellant makes the point that Perez (who also worked at the St. Mary's Food Bank) therefore had access to foil that might conceivably have been handled by appellant so that it might bear his print.

The principle relied upon by appellant is perhaps most strongly stated in *United States v. Corso,* 439 F.2d 956, 957 (4th Cir. 1971):

"... Thus, there was no direct evidence to show that defendant's fingerprints were impressed upon the cover at the time of the burglary. The probative value of an accused's fingerprints upon a readily movable object is highly questionable, unless it can be shown that such prints could have been impressed *only* during the commission of the crime."

While the time of the print was not established, Officer Garcia testified that "if you take a piece of foil and use it once, that's what they appeared to be at that time."

While appellant has strongly focused our attention upon the fingerprint, we believe that we must view the evidence not as a series of isolated components but in its totality, giving such consideration to any logically apparent inter-relationships as may be due. We must view the evidence in the light most favorable to sustaining the verdict of the jury, *State v. Rhodes,* 112 Ariz. 500, 543 P.2d 1129 (1976), which includes the resolution of reasonable inferences against the defendant. *State v. Bearden,* 99 Ariz. 1, 405 P.2d 885 (1965).

In so viewing the evidence, we must reject appellant's contention. Officer Garcia contacted Arthur Perez to purchase a quantity of heroin for $250. Upon observing the arrival of appellant, Perez took the money from Garcia and gave it to appellant, who counted it and left. From those facts, it is reasonable to infer that appellant would be a link in the transactional chain by which possession of this particular heroin would be transferred to Garcia. The heroin was delivered to Garcia in apparently fresh foil which bore appellant's fingerprint.

We believe that in combination, the evidence was sufficient to submit to the jury the issue of whether appellant was sufficiently connected to the heroin to be convicted of possession. In Arizona, the prosecution is no longer required in a case based wholly upon circumstantial evidence to negate every conceivable hypothesis of innocence. *State v. Harvill,* 106 Ariz. 386, 476 P.2d 841 (1970); *State v. Bullock,* 26 Ariz.App. 149, 546 P.2d 1158 (1976). In the cases most heavily relied upon by appellant, the fingerprint was all or nearly all that linked the defendant with the crime.[2] Such is not the case here. The fingerprint was under all of the circumstances here indica-

1. *See, Borum v. United States,* 127 U.S.App. D.C. 48, 380 F.2d 595 (1967); *Arant v. State,* 256 So.2d 515 (Fla.App.1972); and *see generally,* Annot., 28 A.L.R.2d 1115, 1149–1157 (1953).

2. In addition to *Borum, Arant* and *Corso, supra, see, Commonwealth v. Cichy,* 227 Pa.Super. 480, 323 A.2d 817 (1974).

tive of actual possession by appellant, and this is accordingly not a case of "mere" presence, proximity, or association. Cf. *State v. Curtis,* 114 Ariz. 527, 562 P.2d 407 (App.1977) and *State v. Hansen,* 117 Ariz. 496, 573 P.2d 896 (App.1977), and cases cited therein.

The judgment and sentence are affirmed.

EUBANK, P. J., and OGG, J., concur.