NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACOB DESMOND ROSE, *Appellant.*

No. 1 CA-CR 18-0100
FILED 11-20-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-133195-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1            Jacob Desmond Rose appeals his conviction for possession of marijuana.  Rose argues the State failed to submit substantial evidence to support his conviction, and the trial court therefore erred in denying his Rule 20 motion for judgment of acquittal.  *See* Ariz. R. Crim. P. 20.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Rose.  *See State v. McCurdy*, 216 Ariz. 567, 573, ¶ 14 (App. 2007); *State v. Salman*, 182 Ariz. 359, 361 (App. 1994).

¶3            The State charged Rose by information with one count of possession of marijuana, a class six felony.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-3405(A)(1).  The trial court later granted the State's motion to designate the charge a class one misdemeanor, *see* A.R.S. § 13-604(B)(1), and the case proceeded with a bench trial.

¶4            The evidence presented at trial reflects the following:  Shortly after midnight on March 22, 2016, Buckeye Police Officer Nevin conducted a traffic stop of a vehicle with a headlight out.  As Officer Nevin approached the vehicle, he smelled the odor of marijuana emanating from it.  A window was being rolled up, and the driver appeared to be getting out of the vehicle.  Officer Nevin told the driver to stay in the vehicle and why he had stopped it, then had the driver gather the vehicle's registration and proof of insurance.

¶5            In addition to the driver, two passengers were in the vehicle.  Rose was seated directly behind the driver, and a female was seated on the rear passenger side.  After another officer arrived, Officer Nevin separated and detained the vehicle's occupants, patted them down, and advised them of their *Miranda* rights.  *See Miranda v. Arizona*, 384 U.S. 436 (1966).  As Rose opened his door to step out of the vehicle, Officer Nevin immediately saw in plain view "a green leafy substance" that appeared—and was later determined—to be marijuana[1] along with a package of grape-flavored Swisher Sweets cigars in the side pocket of the rear driver's side door, immediately next to where Rose had been sitting.

---

[1]      A criminalist testified the substance was approximately 0.19 grams of marijuana, a usable amount.

¶6          Given Rose's proximity to the marijuana and statements made by the vehicle's other occupants, Officer Nevin handcuffed Rose and placed him separately in the back seat of his patrol vehicle. Rose's eyes were bloodshot and watery, signs the officer knew to be consistent with marijuana consumption. Officer Nevin took some photographs, interviewed and searched the driver and female passenger, and searched the vehicle, finding no other illegal drugs or drug paraphernalia in the vehicle or on anyone's person. As Officer Nevin returned to his patrol vehicle to formally arrest Rose, he smelled a strong odor of marijuana emanating from it. The patrol vehicle had not smelled like marijuana before Officer Nevin placed Rose in it. Officer Nevin then transported Rose to a nearby police station.

¶7          After the State rested, defense counsel moved for judgment of acquittal pursuant to Rule 20, arguing the State had failed to prove either actual or constructive possession because it had not shown "Rose used that marijuana, knew it was there, or had dominion and control over it." The trial court denied the motion, finding the evidence sufficient to support a finding of guilt beyond a reasonable doubt.

¶8          The defense then rested, and the trial court found Rose guilty as charged. At sentencing, the court suspended imposition of sentence and placed Rose on one year of supervised probation.

¶9          We have jurisdiction over Rose's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

**ANALYSIS**

¶10          Rose asks this court to take judicial notice of a website his counsel allegedly became aware of before sentencing but "was not fleshed out at sentencing." Because the website was not presented to the trial court and Rose makes no cogent argument for its consideration, we decline to do so. *See, e.g.*, *State v. Schackart*, 190 Ariz. 238, 247 (1997).

¶11          Next, Rose argues the trial court erred in denying his Rule 20 motion. He asserts the evidence was insufficient to prove he knew of and exercised dominion or control over the marijuana and, therefore, possessed it, and that such error denied him due process.

¶12          Because the question of sufficiency of the evidence is one of law, we review *de novo* a trial court's ruling on a Rule 20 motion for judgment of acquittal. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). After

the close of evidence, a court must enter a judgment of acquittal "if there is no substantial evidence to support a conviction."  Ariz. R. Crim. P. 20. Substantial evidence, which "is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt," *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004) (citing Rule 20), must prove each element of the offense, *McCurdy*, 216 Ariz. at 573, ¶ 14.  When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the finder of fact.  *State v. Lee*, 189 Ariz. 590, 603 (1997).

**¶13**        It is for the finder of fact to weigh conflicts in the evidence and determine the credibility of witnesses.  *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).  On appeal, we do not reweigh the evidence, *State v. Tison*, 129 Ariz. 546, 552 (1981); *Salman*, 182 Ariz. at 361, and make no distinction between the probative value of direct and circumstantial evidence, *State v. Bible*, 175 Ariz. 549, 560 n.1 (1993).  Further, because circumstantial evidence can support differing, yet reasonable inferences, *State v. Anaya*, 165 Ariz. 535, 543 (App. 1990), the mere existence of an inference of innocence from circumstantial evidence does not warrant a directed verdict of acquittal, *see State v. Cantua-Ramirez*, 149 Ariz. 377, 379 (App. 1986); *State v. Olivas*, 119 Ariz. 22, 23 (App. 1978).  If reasonable minds can differ on inferences to be drawn from direct or circumstantial evidence, the case must be submitted to the finder of fact.  *State v. Hickle*, 129 Ariz. 330, 331 (1981).

**¶14**        Under A.R.S. § 13-3405(A)(1), "[a] person shall not knowingly [p]ossess or use marijuana."  In this context, the term "knowingly" means "that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists."  A.R.S. § 13-105(10)(b).  The term "possess" means "knowingly to have physical possession or otherwise to exercise dominion or control over property."  A.R.S. § 13-105(34).  "The terms 'dominion' and 'control' carry their ordinary meaning, such that dominion means 'absolute ownership' and control means to 'have power over.'" *State v. Ingram*, 239 Ariz. 228, 233, ¶ 21 (App. 2016) (citations omitted).

**¶15**        "Possession may be actual or constructive."  *Id.* at ¶ 20 (citation omitted).  "Constructive possession exists when the prohibited property is found in a place under the defendant's dominion or control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the property."  *Id.* at ¶ 21 (citations and internal quotations omitted).  Thus, constructive possession may be established by proving the defendant exercised dominion or control over the illegal drug itself, or the location in which the drug was found.  *State v. Teagle*, 217 Ariz. 17, 27, ¶ 41 (App. 2007).

¶16    In this case, substantial evidence supported the trial court's decision to deny Rose's motion for judgment of acquittal. The State presented substantial evidence to prove the substance in question was marijuana and that Rose knowingly and constructively possessed it by showing: (1) Officer Nevin could smell marijuana as he approached the subject vehicle; (2) the marijuana and Swisher Sweets cigars were found in the side pocket of the driver's side back seat door, immediately next to Rose and well within his reach; (3) the marijuana was in plain view, and when Officer Nevin looked down, he immediately saw it, thus supporting the reasonable inference that Rose knew of its presence as well; (4) no marijuana or drug paraphernalia was found anywhere else in the vehicle; (5) Rose smelled strongly of marijuana, and had bloodshot, watery eyes, signs and symptoms consistent with recent marijuana consumption; (6) the officer's patrol vehicle, which did not previously smell of marijuana, reeked of marijuana after Rose exclusively occupied it; and (7) the other occupants of the vehicle possessed no drugs or drug paraphernalia and did not exhibit signs and symptoms consistent with marijuana consumption. This evidence constitutes substantial evidence from which a trier of fact could conclude beyond a reasonable doubt that Rose possessed marijuana. Further, these facts belie Rose's arguments that the State relied on speculation, mere proximity, and burden shifting to prove Rose's guilt. Accordingly, the trial court did not err or deny Rose his due process rights by denying Rose's Rule 20 motion for judgment of acquittal.

¶17    Rose also raises a new argument not raised at trial, asserting that some white papers in the side pocket shown in Exhibits 4, 5, and 6 had "been moved towards the front seat, almost out of the pocket, revealing the Swisher Sweets package and a small green leafy object sitting next to a penny" and that the marijuana had previously been hidden in the side pocket by the paper. His argument suggests that Officer Nevin moved the papers to make it appear as if the marijuana was in plain view. Even assuming *arguendo* that Rose has not waived this argument, the photographs constituting Exhibits 4, 5, and 6 were clearly taken at different distances and angles, Officer Nevin testified he did not move the items depicted before taking those photographs, and there is no indication on this record or from the photographs that the white papers were moved. Moreover, nothing in the record supports Rose's argument, made for the first time on appeal, that the passenger vehicle may have had inadequate light for Rose to see the marijuana.

¶18    Given the totality of the facts presented by the State, a reasonable fact finder could have concluded beyond a reasonable doubt that Rose knew of and exercised dominion or control over the marijuana

and, therefore, possessed it. Accordingly, the trial court did not err in denying Rose's motion for judgment of acquittal.

## CONCLUSION

¶19      Rose's conviction is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA