NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRIAN LEE PINTARICH, *Appellant.*

No. 1 CA-CR 18-0439
FILED 5-7-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201700157
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**J O N E S**, Judge:

**¶1**          Brian Pintarich appeals his convictions and sentences for one count of possession of a dangerous drug for sale (methamphetamine), one count of possession of a narcotic drug (heroin), one count of possession of marijuana, and three counts of possession of drug paraphernalia. After searching the entire record, Pintarich's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Pintarich was granted an opportunity to file a supplemental brief *in propria persona* and did so. After reviewing the entire record, we reject the arguments raised in Pintarich's supplemental brief and find no error. Accordingly, Pintarich's convictions and sentences are affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          On February 2, 2017, law enforcement officers found and detained Pintarich while executing a search warrant at a residence in Kingman.[1] The search of Pintarich's room revealed methamphetamine, heroin, marijuana, a spoon with heroin on it, multiple sizes of Ziploc bags, a pipe used to smoke methamphetamine, a small digital scale, and a portable counterfeit detector for U.S. currency. When questioned, Pintarich admitted possessing heroin and methamphetamine. Pintarich explained he had obtained the methamphetamine the day before but had not yet paid for it. He also told the detective he was not regularly employed but performed odd jobs to help pay his rent.

**¶3**          The State charged Pintarich with one count of possession of a dangerous drug for sale (methamphetamine), one count of possession of a

---

[1]          "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

narcotic drug for sale (heroin), one count of possession of marijuana (less than two pounds) for sale, and three counts of possession of drug paraphernalia.

**¶4**       At the close of the State's case, Pintarich moved unsuccessfully for judgment of acquittal, and the jury convicted him of one count of possession of a dangerous drug for sale (methamphetamine), one count of the lessor-included offense of possession of a narcotic drug (heroin), one count of the lessor-included offense of possession of marijuana, and three counts of possession of drug paraphernalia. The trial court sentenced Pintarich as a non-dangerous, non-repetitive offender to concurrent presumptive terms of ten years' imprisonment for possession of a dangerous drug for sale (methamphetamine); two-and-a-half years' imprisonment for possession of a narcotic drug (heroin); one year's imprisonment for possession of marijuana; and one year's imprisonment for each count of possession of drug paraphernalia. The court also credited Pintarich with 130 days of presentence incarceration. Pintarich timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

### I.    Conflict of Interest

**¶5**       Within his supplemental brief, Pintarich argues the trial judge erred when he declined to recuse himself based upon his prior association with the case agent and the sergeant who testified. Before trial, the judge advised:

> [W]hen I was a prosecutor, I worked really closely with [the sergeant]. And then also a lesser amount, but also I worked with [the case agent] as well. But I don't think that that's going to affect my impartiality in any way. But I just want to get it on the record that I worked with both of those officers, especially [the sergeant].

Pintarich's counsel did not object to the judge's decision to remain on the case. Because there was no objection, we review the decision for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citing *State v. Bible*, 175 Ariz. 549, 572 (1993)).

---

[2]       Absent material changes from the relevant date, we cite the current version of statutes and rules.

¶6        "A trial judge is presumed to be free of bias and prejudice." *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38 (App. 2005) (quoting *State v. Hurley*, 197 Ariz. 400, 404, ¶ 24 (App. 2000)). "Bias and prejudice means a hostile feeling or spirit of ill-will, or undue friendship or favoritism" toward one of the parties. *State v. Myers*, 117 Ariz. 79, 86 (1977). Pintarich does not cite any evidence indicating the trial judge exhibited any bias in favor of the State or its witnesses to rebut the presumption of judicial impartiality. Our review of the record likewise reveals no suggestion of bias. Accordingly, we find no error in the judge's decision to remain on the case.

## II.    Plea Agreement

¶7        Pintarich also suggests the State erred by presenting him a plea agreement encompassing both this case and another criminal case pending at the time. The record indicates Pintarich wanted to plead guilty in this case but proceed to trial in the other. However, Pintarich has "no constitutional right to a plea agreement and the state is not required to offer one." *State v. Jackson*, 209 Ariz. 13, 15, ¶ 6 (App. 2004) (quoting *State v. Secord*, 207 Ariz. 517, 520, ¶ 6 (App. 2004)). Accordingly, we reject any argument that Pintarich has a right to dictate the terms of a plea agreement.

## III.    Voir Dire

¶8        Pintarich argues he did not receive a fair and impartial jury because some jurors were "mildly manipulated or talked into changing their minds" as to whether they could be fair and impartial. Because Pintarich's counsel did not object to any line of questioning during voir dire, we review this issue for fundamental error. *See Henderson*, 210 Ariz. at 567, ¶ 19 (citing *Bible*, 175 Ariz. at 572). "The purpose of voir dire examination is to determine whether prospective jurors can fairly and impartially decide the case at bar and the scope of such examination is within the sound discretion of the trial judge." *State v. Baumann*, 125 Ariz. 404, 409 (1980) (citing *State v. Smith*, 114 Ariz. 415, 418 (1977); *State v. Bullock*, 26 Ariz. App. 149, 152 (1976); and Ariz. R. Crim. P. 18.5(c)). The record reflects the trial court properly and neutrally examined each juror to determine whether they could be fair and impartial. We find no error.

## IV.    Prior Conviction

¶9        Pintarich next argues the trial court improperly used a prior conviction as an aggravating factor after the State withdrew its request to prove aggravating factors to the jury. But the court may still consider prior criminal history as an aggravating factor at sentencing even if the State withdraws the formal allegation. *See State v. Martinez*, 209 Ariz. 280, 284-

85, ¶¶ 16-17 (App. 2004) (noting the court may weigh additional aggravating and mitigating circumstances to determine the appropriate sentence within the available range). Where, as here, "no aggravating factors have been proved to a jury beyond a reasonable doubt," the available range extends only up to the presumptive sentence. *See State v. Martinez*, 210 Ariz. 578, 583, ¶ 17 (2005) (citing *State v. Brown*, 209 Ariz. 200, 203, ¶ 12 (2004)). The record reflects the court followed these procedures and properly considered Pintarich's prior conviction before sentencing him to the presumptive term on each conviction.

## V. Sentencing Range

**¶10** Pintarich argues the trial court applied the wrong sentencing range to his conviction for possession of a dangerous drug for sale (methamphetamine). In advancing this argument, Pintarich relies upon A.R.S. § 13-702(D), which prescribes sentences for first-time felony offenders. However, possession of methamphetamine for sale is punishable pursuant to A.R.S. § 13-3407(A)(2), (E). This statute prescribes a presumptive term of ten years and was properly applied by the court here.

## VI. Search Warrant

**¶11** Pintarich also questions the basis of the search warrant. Because he fails to develop any argument on this issue, we reject it summarily as waived. *See State v. Cons*, 208 Ariz. 409, 416, ¶ 18 (2004) (citations omitted).

## VII. Ineffective Assistance of Trial Counsel

**¶12** Finally, Pintarich suggests he did not receive effective assistance of counsel at trial. A claim for ineffective assistance of counsel may only be brought in post-conviction relief proceedings under Arizona Rule of Criminal Procedure 32, and our supreme court has directed that "[a]ny such claims improvidently raised in a direct appeal . . . will not be addressed by appellate courts regardless of merit." *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

## VIII. Fundamental Error Review

**¶13** Further review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of possession of a dangerous drug for sale if he knowingly possesses methamphetamine with the intent to sell it. A.R.S. §§ 13-3401(6)(b)(xxxviii), -3407(A)(2). A person is guilty of

possession of a narcotic drug if he knowingly possesses heroin. *See* A.R.S. §§ 13-3401(20)(ttt), (21)(m), -3408(A)(1). A person is guilty of possession of marijuana if he knowingly possesses marijuana. A.R.S. § 13-3405(A)(1). And, a person is guilty of possession of drug paraphernalia if he possesses "with intent to use, drug paraphernalia to . . . process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a[n] [illegal] drug." A.R.S. § 13-3415(A). The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Pintarich was guilty of the charged offenses.

¶14 All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Pintarich was represented by counsel at all stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted). Pintarich did not appear for the final pretrial management conference or trial but does not suggest any error in the decision to proceed *in absentia*. We likewise find no error, as Pintarich was advised of the trial date and warned the trial could go forward if he failed to appear. *See* Ariz. R. Crim. P. 9.1 ("[A] defendant's voluntary absence waives the right to be present at any proceeding. The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence."); *accord State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996) (citing *State v. Tudgay*, 128 Ariz. 1, 2 (1981)). Moreover, the jury was instructed not to consider Pintarich's absence when deciding whether the State had proved its case beyond a reasonable doubt.

¶15 The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Pintarich's presumption of innocence. At sentencing, Pintarich was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-702(D), -3407(E).

## CONCLUSION

¶16 Pintarich's convictions and sentences are affirmed.

**¶17**        Defense counsel's obligations pertaining to Pintarich's representation in this appeal have ended. Defense counsel need do no more than inform Pintarich of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶18**        Pintarich has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Pintarich thirty days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:  AA