NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

LISA MAE KINGSTON, *Appellant*.

No. 1 CA-CR 20-0178
FILED 1-21-2021

---

Appeal from the Superior Court in Yavapai County
No. P1300CR201900874
The Honorable Christopher L. Kottke, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Law Offices of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1　　　　Lisa Mae Kingston appeals her convictions of the sale or transportation of dangerous drugs and the sale or transportation of narcotic drugs. She argues the superior court erred in denying her motion for judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure for those two charges. Because substantial evidence supports the convictions, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509 ¶ 93 (2013). Arizona State Trooper Williams pulled Kingston over on I-17 between Sedona and Phoenix around 10:00 a.m. in July of 2019. Kingston was driving a rental car, had three air fresheners hanging on the car's rearview mirror, appeared nervous, and could not stand still. While issuing her a traffic warning, Trooper Williams asked Kingston about her travels. Kingston said that she and her passenger had made a "day trip" to Sedona and were returning to Phoenix. Trooper Williams found the travel pattern strange, considering it was only 10:00 a.m. and they were returning from Sedona, so he spoke to the passenger, who gave an inconsistent account of the travels. The passenger also admitted to having a partially smoked "joint."

¶3　　　　Because of Kingston's behavior and the passenger's marijuana cigarette, Trooper Williams believed he had probable cause to search Kingston's vehicle and called Trooper Huijkman for K-9 backup to help search the vehicle. In the trunk of Kingston's vehicle, the troopers found $13,000 in cash, 9.55 grams of methamphetamine, 21 pills of fentanyl, and four pills of oxycodone. Kingston stated that everything in the vehicle belonged to her. The State subsequently charged Kingston with the sale or transportation of dangerous drugs, the sale or transportation of narcotic drugs, and two counts of possession of drug paraphernalia.

¶4        At trial, Trooper Huijkman testified that the cash smelled of drugs. An Arizona Department of Public Safety forensic scientist testified that she tested three items of evidence and found them to be methamphetamine, oxycodone, and fentanyl. Detective Winfrey with the Partners Against Narcotic Trafficking Task Force testified that a normal dosage of methamphetamine was about .1 to .2 grams, an average methamphetamine user generally used 1-1.5 grams a day, and a user normally possessed only a couple days of supply. He further testified that the current cost for a gram of methamphetamine was $40, an oxycodone pill was $10 - $20, and a fentanyl pill was $15 - $20.

¶5        After the State rested, Kingston moved for a directed verdict of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure on the sale or transportation of dangerous drugs and the sale or transportation of narcotic drugs. The court denied the motion, and the jury, after deliberating, found Kingston guilty of all charges. The trial court sentenced her to concurrent terms of 6 years' imprisonment each on the convictions for the sale or transportation of narcotic drugs and sale or transportation of dangerous drugs convictions, and concurrent 1-year terms for each of the possession of drug paraphernalia convictions, with 226 days of presentence-incarceration credit for each count. Kingston timely appealed. This Court has jurisdiction under Arizona Constitution article VI, Section 9, and Arizona Revised Statutes §§ 12–120.21(A)(1), 13–4031, and 13–4033(A).

## DISCUSSION

¶6        Kingston argues that the court erred in denying her Rule 20 motion for acquittal. The trial court's ruling is a question of law reviewed *de novo*, considering all facts and resolving all evidentiary conflicts in the light most favorable to sustaining the conviction. *See State v. Pena*, 235 Ariz. 277, 279 ¶ 5 (2014); *see also State v. West*, 226 Ariz. 559, 562 ¶ 15 (2011).

¶7        A trial court may enter a directed verdict of acquittal only if no substantial evidence supports the conviction. *See State v. Davolt*, 207 Ariz. 191, 212 ¶ 87 (2004). Substantial evidence is "evidence that reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt. *See Pena*, 235 Ariz. at 279 ¶ 5 (quoting *State v. Hausner*, 230 Ariz. 60, 75 ¶ 50 (2012)). "When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *West*, 226 Ariz. at 563 ¶ 18. Direct and circumstantial evidence are equally probative, *State v. Bible*, 175 Ariz. 549, 560 n.1 (1993), and wholly circumstantial evidence can support differing, yet reasonable inferences, *State v. Anaya*,

165 Ariz. 535, 543 (App. 1990); *see also State v. Olivas*, 119 Ariz. 22, 23 (App. 1978).

**¶8**        A person is guilty of transportation of dangerous drugs for sale if the person (1) knowingly, (2) transported for sale, (3) dangerous drugs. *See* A.R.S. § 13–3407(A)(7). Methamphetamine is a dangerous drug. *See* A.R.S. § 13–3401(6)(b)(xxxviii). A person is guilty of transportation or sale of narcotic drugs if the person (1) knowingly, (2) transported for sale, (3) narcotic drugs. *See* A.R.S. § 13–3408(A)(7). Oxycodone and fentanyl are narcotic drugs. *See* A.R.S. § 13–3401(20)(ww), (ttt), and (21)(dd).

**¶9**        The court correctly denied Kingston's motion. Trooper Williams testified that Kingston knowingly possessed both narcotic and dangerous drugs and was transporting them in her trunk along with $13,000 of drug-contaminated cash. *See Beijer v. Adams*, 196 Ariz. 79, 84 ¶ 25 (App. 1999) ("[T]he presence of the drugs in the trunk of the car the Defendant was driving was sufficient, in and of itself, to support a conclusion beyond a reasonable doubt that [s]he was knowingly transporting the drugs.").

**¶10**        Detective Winfrey testified that Kingston had almost 100 doses of methamphetamine and at least 21 doses and four doses of fentanyl and oxycodone respectively. In the absence of pipes, lighters, and snort tubes indicating personal use, a reasonable jury could reasonably infer that the drugs were being transported "for sale." Finding the drugs in the trunk along with an unusual amount of drug-contaminated cash further supports this inference.

**¶11**        Kingston nonetheless argues that the state failed to provide substantial evidence that the drugs were "for sale." She argues that while the state's expert testified to the normal usable amount of a methamphetamine user, it did not do so for oxycodone or fentanyl and therefore failed to establish sufficient evidence for a jury to infer that she transported the narcotic drugs for sale. She also argues that the state failed to provide evidence of small plastic baggies, ledgers, or scales indicative of drug sales. While such evidence would independently support a finding of substantial evidence, *see State v. Martinez*, 226 Ariz. 221, 224 ¶ 14-15 (App. 2011) (small plastic baggies, ledger, or scales), it is not required, *id.* at 15 (evidence "is not insubstantial simply because reasonable persons might have drawn a different conclusion from the evidence."). The contaminated cash alongside the amount of drugs and lack of personal use evidence and testimony provided sufficient circumstantial evidence for a jury to find that Kingston transported the drugs with the intent to sell.

**CONCLUSION**

**¶12**        The State provided sufficient evidence for a jury to find that Kingston transported dangerous and narcotics drugs for the purpose of selling those drugs beyond a reasonable doubt, and we, therefore, affirm the convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA